UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

QBE INSURANCE CORPORATION                                                      PLAINTIFF

V.                                                              CIVIL ACTION NO. 3:08cv234 DPJ-JCS

SRC TRUCKING & TRANSPORTATION, ET AL.                                       DEFENDANTS

ORDER

This declaratory judgment action is before the Court on two motions of Plaintiff QBE Insurance Corporation ("QBE"). QBE seeks summary judgment [42] and default judgment [43]. The Court, having fully considered said motions, finds that they should be granted.

**I.     Background**

QBE issued a commercial general liability insurance policy to SRC Trucking & Transportation, Inc. ("SRC Trucking"). During the policy period, one of SRC Trucking's drivers, Michael Dixon, was injured while unloading a Peterbilt truck at a Georgia-Pacific mill in Monticello, Mississippi. Dixon sued Georgia-Pacific which tendered the loss to SRC Trucking pursuant to the terms of a hauling contract.

The policy includes two provisions at the heart of QBE's suit. First, the policy excludes coverage for bodily injury for which the "insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement." Second, the policy expressly excludes coverage for bodily injuries arising out of "the ownership, maintenance, use or entrustment to others of any . . . 'auto' owned or operated by . . . any insured. Use includes operation and 'loading and unloading.'" "Auto" is defined to mean "a land motor vehicle, trailer or semitrailer designed for travel on public roads . . . ." QBE claims that these provisions preclude coverage and filed suit April 9, 2008 against all interested parties. SRC Trucking never answered, and a

clerk's entry of default was filed September 30, 2008.

**II.      Analysis**

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. "The party moving for summary judgment bears the initial burden of 'informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact.'" *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)); *see also Custer v. Murphy Oil USA, Inc.*, 503 F.3d 415, 422 (5th Cir. 2007) (noting that the moving party bears the "burden of demonstrating that there is no genuine issue of material fact"). "The non-moving party must then come forward with specific facts showing there is a genuine issue for trial." *Washburn*, 504 F.3d at 508. In this case, Defendant Dixon conceded QBE's motion and SRC Trucking has never defended itself.

The lack of response will not alone justify granting the pending motions. *See* Uniform Local Rule 7.2(C)(2) (establishing that summary judgment motions may not be granted as unopposed). As explained by the Fifth Circuit, district courts must first consider the record. [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied– even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances. *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment

where counsel failed to file timely response).

Having reviewed the record evidence and the applicable policy exclusions, the Court concludes that QBE has met its burden under Rule 56(c) and that its motion for summary judgment should be granted. Though probably moot, the Court has also considered QBE's motion for default judgment as to SRC Trucking and finds that it is also well-taken.

**III.    Conclusion**

For these reasons, the Court finds that QBE's motion for summary judgment and its motion for default judgment should be granted. A separate judgement will be entered pursuant to Federal Rule of Civil Procedure 58(a).

**SO ORDERED AND ADJUDGED** this the 12th day of March, 2009.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE